IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

United States of America,  )
                           )
                           )
                           )
            vs.            ) Criminal No. 12-249
                           ) See Civil Action No. 14-180
Antwan Lee Edwards,        )
                           )
      Defendant/Petitioner. )

ORDER

AND NOW, this 11th day of February, 2014, upon consideration of Defendant/Petitioner's "Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody" (document No. 43), filed in the above captioned matter on February 10th, 2014,

IT IS HEREBY ORDERED that said Motion is DENIED without prejudice.

Defendant's motion is premature. His direct appeal is currently pending before the Third Circuit Court of Appeals. See Doc. No. 32. While there is no jurisdictional bar to consideration of a motion pursuant to 28 U.S.C. § 2255 during the pendency of a direct appeal, ordinarily such a motion is deemed to be premature and dismissed without prejudice. See United States v. Banks, 269 Fed. Appx. 152, 153 (3d Cir. 2008) ("In the context of collateral attacks upon convictions, courts have concluded that there is no jurisdictional bar to a district court's adjudication of a § 2255 motion while the movant's direct appeal is pending, but that such actions are disfavored as a matter of judicial economy and concern that the results on direct appeal may make the district court's efforts a nullity.") (citing United States v. Prows, 448 F.3d 1223, 1228-29 (10th Cir. 2006)).

1

As the Third Circuit noted in Kapral v. United States, 166 F.3d 565 (3d Cir. 1999), "a collateral attack is generally inappropriate if the possibility of further direct review remains open: A district court should not entertain a habeas corpus petition while there is an appeal pending." Id. at 570.

As such, "in the absence of extraordinary circumstances, the orderly administration of criminal justice precludes a district court from considering a § 2255 motion while review of the direct appeal is still pending." Id. at 572 (quoting United States v. Gordon, 634 F.2d 638, 638-39 (1st Cir. 1980)). See also Rule 5, Rules Governing § 2255 Proceedings, Advisory Committee Note.

Accordingly, because Defendant's direct appeal is still pending and because there are no extraordinary circumstances that would warrant collateral review during the pendency of that appeal, Defendant's motion is denied without prejudice to his right to seek Section 2255 relief after his appeal has been decided, to the extent that he did not waive his right to pursue such relief in his plea agreement.

s/Alan N. Bloch
United States District Judge

ecf: Counsel of record

cc: Antwan Lee Edwards, #33860-068
    FCI Cumberland
    P.O. Box 1000
    Cumberland, MD 21501-1000